IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FLOYD A. CARTER | * |
| | * |
| v. | *   Civil Case No. JKB-14-2581 |
| | * |
| COMMISSIONER, SOCIAL SECURITY | * |
| | * |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions. [ECF Nos. 16, 19]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Mr. Carter protectively filed his application for benefits on May 20, 2011, alleging a disability onset date of May 22, 2009. (Tr. 168-76). His application was denied initially and on reconsideration. (Tr. 103-13). After a hearing on June 4, 2013, an Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 36-71, 20-35). The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the agency. (Tr. 4-9).

The ALJ found that, during the relevant time frame, Mr. Carter suffered from the severe impairment of degenerative joint disease of the right hip. (Tr. 25). Despite this impairment, the ALJ determined that Mr. Carter retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except with the additional limitation that he can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds).  He needs to use a cane for prolonged walking (longer than a block).

(Tr. 26).  After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Carter could perform his past relevant work as a word processor, in addition to other sedentary jobs existing in significant numbers in the national economy.  (Tr. 28-30).  Thus, the ALJ concluded that Mr. Carter was not disabled.  *Id.*

Mr. Carter raises four arguments on appeal:  (1) that the ALJ assigned inadequate weight to the opinion of his treating physician; (2) that the ALJ erred in making an adverse credibility determination; (3) that the ALJ's step four determination was not supported by substantial evidence; and (4) that the ALJ's step five determination similarly was not supported by substantial evidence.  For the reasons described below, substantial evidence supports the ALJ's decision, and each of Mr. Carter's contentions lacks merit.

First, Mr. Carter's treating physician, Dr. Richardson, submitted three separate opinions regarding Mr. Carter's ability to work.  *See* (Tr. 291-92) (August 20, 2011); (Tr. 315-16) (May 18, 2012); (Tr. 506-07) (May 30, 2013).  The ALJ assigned those opinions "little weight," on the grounds that they "are not consistent with each other, the treating notes, or the claimant's description of his daily activities."  (Tr. 28).  Specifically, the ALJ noted that the three opinions contained differing information about the total amount of time Mr. Carter could work in a given workday.  *Id.*  The ALJ further cited to the consultative examination conducted by Dr. Bhargava, which occurred almost contemporaneously with Dr. Richardson's first opinion, and in contrast with Dr. Richardson's opinion, demonstrated largely normal ability to walk and near-normal

strength in the right hip.  (Tr. 277-78).  The ALJ also cited Mr. Carter's own testimony about his ability to use public transportation and ambulate without a cane.  (Tr. 28).

The function of this Court is not to review Mr. Carter's claims *de novo* or to reweigh the evidence of record.  *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)).  Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g).  While there may be substantial evidence in the record that would support a finding of disability, in addition to substantial evidence refuting such a finding, this Court should not disturb the ALJ's conclusion so long as it is one of the conclusions supported by substantial evidence.  Here, in light of the medical and testimonial evidence cited by the ALJ, as well as the marked inconsistencies in the various opinions rendered by Dr. Richardson, the ALJ's assignment of weight passes muster under that standard of review.

Next, Mr. Carter contests the adverse credibility determination made by the ALJ.  (Tr. 17-19).  In determining that Mr. Carter's pain complaints were not entirely credible, the ALJ cited the "history of conservative pain management and physical therapy" used to treat the osteoarthritis, and various medical reports in which Mr. Carter either complained of relatively manageable pain or noted that his regimen of pain medications and physical therapy was working to alleviate his symptoms.  (Tr. 27).  The ALJ also cited to Mr. Carter's discharge from physical therapy, which he had previously stated had been helping, as a result of noncompliance after failure to return for treatment.  (Tr. 28).  The ALJ credited many of Mr. Carter's complaints in determining that he was only capable of sedentary exertional work, particularly in light of the

opinion of a State agency physician suggesting that he may have the physical capabilities for light work. (Tr. 28, 90-91). Thus, considering all of the evidence cited by the ALJ, I find no error in the assessment of credibility.[1]

Mr. Carter's final two contentions are that the ALJ's analysis at steps four and five was inadequate. Pl. Mem. 19-21. Specifically, Mr. Carter suggests that, at step four, the ALJ did not gather sufficient information to make findings about the demands of his past relevant work as a word processor. *Id.* Even assuming, without deciding, that the ALJ's step four analysis was deficient, the error would be harmless since the ALJ made alternative step five findings that Mr. Carter could perform work as an addresser or order clerk. (Tr. 29-30). While Mr. Carter contends that the ALJ's step five findings were based on a faulty hypothetical because it did not include findings from Dr. Richardson, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. As noted above, the ALJ cited substantial evidence supporting his assignment of little weight to Dr. Richardson's opinions, and therefore did not need to include all of Dr. Richardson's findings in the hypothetical or the RFC assessment. The ALJ's step five determination, therefore, was supported by substantial evidence, and provides no grounds for remand.

---

[1] In assessing Mr. Carter's RFC, the ALJ stated that Mr. Carter's subjective complaints "concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely credible for the reasons explained in [his] decision." (Tr. 27). The ALJ's statement is similar to the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Mr. Carter's RFC and then used that assessment to determine his credibility. *See id.* Moreover, the ALJ cured any issue created by his use of boilerplate credibility language by thereafter properly and thoroughly analyzing Mr. Carter's credibility, as outlined above.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Mr. Carter's Motion for Summary Judgment [ECF No. 16]; GRANT Defendant's Motion for Summary Judgment, [ECF No. 19]; AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  May 12, 2015                                                          /s/
                                                                                         Stephanie A. Gallagher
                                                                                         United States Magistrate Judge